IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER J. HOWARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-1026-DRH |
| | ) |
| DONALD A. HULICK, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

According to the instant habeas petition, Petitioner was convicted, after a jury trial, of first-degree murder in the Twentieth Judicial Circuit for the State of Illinois (St. Clair County) and was sentenced to 41 years in prison. It appears that Petitioner sought direct appellate review of his conviction from the Fifth Appellate District, but his appeal was dismissed as untimely. Petitioner states that he did not seek further review from the Illinois Supreme Court.

The instant petition raises one claim: that a continuance entered by the state trial court was improper and, therefore, Petitioner was not placed on trial in compliance with the Illinois Speedy Trial Act.[1]

The petition indicates, however, that Petitioner is currently seeking post-conviction relief in the state courts for the alleged violation of his speedy trial rights. From both his federal habeas petition and subsequent filings, it is clear that Petitioner's state court post-petition action was still pending before the state courts when he ***filed*** his petition with this Court. The Court notes that while Petitioner signed his federal habeas petition on September 30, 2009, it was not filed with the Clerk of Court until December 10, 2009. At the time he signed his federal habeas petition, Petitioner's post-conviction proceeding was "pending in court." Petition for Writ of Habeas Corpus, ¶ 11(A)(6) and (9); *see also* Exhibit attached to the Petition (Order filed Sept. 30, 2009, continuing state court action to December 9, 2009). Of course, it is possible that Petitioner's state court post-conviction action came to a conclusion between September 30, 2009 (the date on which he signed his federal habeas petition) and December 10, 2009 (the date on which the federal habeas petition was received by the Clerk of Court).

On April 5, 2010, however, Petitioner filed exhibits with this Court clearly indicating that the state post-conviction action was still pending before the state courts. Specifically, Petitioner filed as exhibits in this case: (1) a motion he filed in his state court action on January 15, 2010,

---

[1]This Court notes that violations of state law cannot form the basis of federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A petitioner, however, may be entitled to habeas relief if he can show that the violation of state law resulted in a violation of Due Process, such as a denial of the petitioner's Sixth Amendment right to a speedy trial. *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). In order to assert such a claim, though, a petitioner must establish that the length of delay must be presumptively prejudicial. *Backer v. Wingo*, 407 U.S. 514, 530 (1972).

seeking leave to proceed *pro se* in his state court action; and (2) an order issued by the state court on March 17, 2010, granting Petitioner's motion to proceed *pro se* and continuing the case to May 5, 2010.

Because Petitioner's instant habeas corpus petition contains only one claim, because Petitioner had not exhausted his state remedies with respect to this claim when he commenced this action, and because Petitioner is still currenlty pursuing relief in the state courts with respect to this claim, the Court is unable to afford Petitioner relief pursuant to 28 U.S.C. § 2254 and must dismiss the instant petition for habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

**IT IS HEREBY ORDERED** that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** June 15, 2010

/s/   DavidRHerndon
**DISTRICT JUDGE**